IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRANSPORT FINANCIAL SERVICES, LLC, | No. 3:17-cv-00513-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| SOLARIS TRANSPORT, LLC, et al., | |
| Defendants. | |

John P. Manning
8152 SW Hall Blvd. #224
Beaverton, OR 97008

    Attorney for Plaintiff Transport Financial Services, LLC

OPINION & ORDER - 1

David B. Gray
12275 SW 2nd St.
Beaverton, OR 97005

  Attorney for Defendants Kelly Pipe Company, LLC, Master Pipe Distribution Company, and B&E Freight, LLC

HERNÁNDEZ, District Judge:

  Defendants Kelly Pipe Company, LLC, Master Pipe Distribution Company, and B&E Freight, LLC (hereinafter "Kelly Group Defendants") move for summary judgment under 49 U.S.C. § 14704 to recover economic damages for unpaid transportation services. Plaintiff Transportation Financial Services, LLC ("TFS") brought this interpleader action under 28 U.S.C. § 1335, interpleading Defendant Solaris Transportation, LLC ("Solaris") as well as numerous interpleader defendants that may have had claims against Solaris for unpaid services. TFS filed with the Federal Motor Carrier Safety Administration a surety instrument, a "Form BMC-85 Broker's or Freight Forwarder's Trust Fund Agreement," ("BMC-85 Trust") in the amount of $74,150, that TFS held in trust for Solaris. *See* Compl. ¶ 2, ECF 1. TFS deposited the corpus of the MBC-85 Trust with the Court for disbursement as the Court deems proper. *Id.* at ¶¶ 8–9. TFS alleged that the interpleader defendants, including Kelly Group Defendants, may have conflicting claims against the BMC-85 Trust.

  TFS dismissed the majority of interpleader defendants because they did not timely file claims in response to the Complaint. *See* Notice of Dismissal, ECF 32. Seven interpleader defendants that have filed claims remain: the three Kelly Group Defendants; B&G, LLC; Handy Trucking Company, LLC; Douglas Keck d/b/a Douglas Keck Trucking Company; and Hamilton Transportation, LLC. Before the Court is Kelly Group Defendants' motion for summary judgment that it is entitled to the entirety of the BMC-85 Trust funds and that the remaining

OPINION & ORDER - 2

interpleader defendants' claims should be stricken or dismissed. *See* Mot. Summ. J., ECF 33; Mem. in Support of Mot. Summ. J., ECF 34. None of the remaining interpleader defendants filed a response to Kelly Group Defendant's summary judgment motion.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

Summary judgment "may not be granted based on a failure to file an opposition to the motion." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013). In other words, a district court may not grant summary judgment "by default even if there is a complete failure to respond to the motion. *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Under Rule 56, where a party "fails to properly address another party's assertion of fact" the court may: "(1)

give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

## DISCUSSION

Kelly Group Defendants have demonstrated that they are entitled to recover the BMC-85 Trust funds that TFS deposited with the Court. Kelly Group Defendants were the only interpleader defendants that filed an answer responsive to TFS's Complaint. *See* Answer, ECF 23. In that Answer, Kelly Group Defendants admitted that they were either "shippers" or "authorized carriers" entitled to the BMC-85 Trust under 49 CFR 376.2(a), (k); 49 U.S.C. § 14704. *Id.* ¶ 6; Compl. ¶¶ 2, 11–12. Kelly Group Defendants have submitted affidavits substantiating their claims against Solaris. *See* Medal Aff., ECF 35, Matsumoto Aff., ECF 36; Konis Aff., ECF 37. Kelly Group Defendants claim amounts are as follows: Kelly Pipe Company, LLC $44,200.00; B&E Freight, LLC $37,100; and Master Pipe Distribution Company $6,000.00. Mot. Summ. J. 3. Given that the claims exceed the amount of the BMC-85 Trust, Kelly Group Defendants request the following distribution: Kelly Pipe Company, LLC $37,542.14; B&E Freight, LLC $31,511.60; and Master Pipe Distribution Company $5,096.26. *Id.*

The remaining interpleader defendants, by contrast, have not substantiated their claims nor have they raised a genuine issue of material fact as to Kelly Group Defendants' claims. For example, Douglas Keck Trucking Company submitted a single-page handwritten request for $850.00 attached to a Solaris invoice. *See* Keck Claim, ECF 27. Douglas Keck Trucking Company has not demonstrated that it is a "shipper" or "authorized carrier" entitled to the BMC-

85 Trust funds. In further example, Hamilton Transportation, LLC submitted as its claim a four-page document including a copy of its own invoice, a Solaris invoice, a bill of lading, and a shipping truck log tally. *See* Hamilton Claim, ECF 28. In sum, none of the remaining interpleader defendants' claims are responsive to TFS's Complaint, nor do those claims establish that they are legally entitled to the BMC-85 Trust. Accordingly, the Court concludes that there is no genuine issue of material fact and Kelly Group Defendants have demonstrated, based on their papers and affidavits, that they are entitled to judgment as a matter of law.

## CONCLUSION

Kelly Group Defendants' Motion for Summary Judgment [33] is GRANTED. The Clerk of the Court shall deposit the interpleader funds in accordance with the forthcoming order to withdraw funds and disburse.

Dated this \_\_\_1\_\_\_ day of \_\_\_Feb\_\_\_, 2018.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge